# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

MICHAEL T. BRENSTON,           )
                                          )
           Plaintiff,         )
                                          )
         v.              )     No. 2:09 cv 026 PS
                                          )
WAL-MART, and its agents, CINDY,  )
ANDREW HABZANSKY, and RAY DIX,  )
                                          )
         Defendants.      )

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Michael T. Brenston filed this suit against his former employer, Wal-Mart (which Defendants say is improperly named in the complaint and should be Wal-Mart Stores, East, L.P.), and three supervisors and/or co-workers alleging they violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (*See* DE 1 at 1-2.) In their motion to dismiss, Defendants argue that Brenston's complaint fails to state a claim. (DE 11 & 12.) For the reasons discussed below, the motion is granted, but Brenston will be allowed to amend his complaint if he wishes to pursue his Title VII and ADA claims.

## BACKGROUND

From what I can gather, Brenston started working as an assembler at the Wal-Mart located in Hammond, Indiana, on April 7, 2005. (DE 1 at 5.) Brenston's factual allegations are very short, so I will quote the pertinent paragraph in its entirety:

> Cindy pushed me to complete impossible assignments. She said I need to get the swingsets to the far side of lawn & garden and bin them, where at least 10 pallets were blocking the bins, which had to be moved, put 2 pallets of charcoal in the steel and take down a pallet of lawn bags and put in a pallet of charcoal in that spot, and that I had to get it all did before 7:30 a.m., 3-31-08, it being 6:30 a.m., it

would have been physically impossible to complete, nevertheless, I tried. This is when the accident happened, this is why manager Cindy is as responsible for the accident as I am.

(*Id*. at 2-3.)[1]  Brenston was fired on April 20, 2008, and he filed a charge of discrimination with the EEOC shortly thereafter, naming only Wal-Mart. (*See* DE 1 at 5.) That charge just lists "Disability" as the cause of discrimination, and it contains two additional relevant paragraphs:

III.    Mr. Brenston stated that he was terminated on April 20, 2008 for having four (4) hours of overtime which Ray Dicks makes out the schedule for. Cindy removed him from the schedule and encouraged him to come in on his off days over a period of months. He stated that she put him back on the schedule, then fired him because of the overtime. Mr. Brenston stated that he has evidence to support his claims.

IV.    Mr. Brenston stated that he was pushed to complete impossible assignments and believe his Civil Rights have been violated and the ADA (Americans with Disabilities Act) violated.

(*Id*.)

Defendants moved to dismiss the complaint, arguing it fails to state a cause of action. They contend the individuals Brenston named cannot be held liable and that Brenston didn't exhaust his administrative remedies with respect to his Title VII claim because he didn't present them to the EEOC. (*See* DE 12 at 3-5.) Lastly, they contend that the complaint fails to state a claim under the ADA because it neglects to allege that Brenston is in fact disabled. (*See id*. at 5.)  Brenston responded to the motion by submitting a series of documents supporting his claim that he is disabled. (*See* DE 14.) Those documents indicate that Brenston has obtained medical treatment for "chronic pain syndrome in both lower extremities secondary to trauma." (DE 14-2 at 13.) In addition, they indicate that Brenston uses a hearing aid, (*id*. at 14), that he has received the assistance of vocational rehabilitation services, (*id*. at 15-16), and that he has

_____

[1] Defendants' motion states that "Cindy" is Cynthia Osborn. (*See* DE 11 at 1.)

requested medical leave for his medical issues, (*id*. at 2). These documents provide evidence supporting Brenston's claim that he is in fact disabled; though they do not connect his disability with his problems at Wal-Mart.

## <u>DISCUSSION</u>

The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) meanwhile provides for the dismissal of claims that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

The Supreme Court has retooled its interpretation of the pleading standards in recent years, beginning with its opinion in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quotation marks and brackets omitted). More recently, the Court readdressed the *Bell Atlantic* decision and stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 1950. And although at this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported only by mere conclusory statements. *Id*.

Two weeks after *Bell Atlantic*, the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation.  In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  *Id*. at 2200.  The Court further noted that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id*. (quotation marks and citations omitted).

In an effort to reconcile *Bell Atlantic* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  But the Seventh Circuit has cautioned courts not to "overread" *Bell Atlantic*.  *See Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).  *Bell Atlantic* essentially "impose[s] two easy-to-clear hurdles."  *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Id*. (quotation marks and ellipses omitted).  "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level."  *Id*. (quotation marks omitted).

The question before me is whether Brenston's complaint has alleged enough facts to make his claim for relief plausible.  In particular, I'm concerned both with whether Brenston's allegations lead to claims that fail as a matter of law and whether Brenston's factual allegations

are so sketchy that they do not provide Defendants with sufficient notice of his claims. And I must answer this question mindful that Brenston is a *pro se* litigant.

To begin with, the claims against the individual defendants – Osborn, Habzansky, and Dix – must be dismissed. Neither Title VII nor the ADA provide for individual liability. This is because claims under Title VII and the ADA can only be made against the "employer" and supervisors and co-workers are not employers. The Seventh Circuit has made it clear that Title VII does not permit a victim of discrimination to sue the supervisor, even if the supervisor was responsible for the discrimination. *See Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995). *See also Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) ("It is by now well established in this court that a supervisor does not, in his individual capacity, fall within Title VII's definition of employer.") (quotation marks omitted). The same is true for ADA claims. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-81 (7th Cir. 1995). In short, under Title VII and the ADA, Brenston's beef is with Wal-Mart, not his former supervisors. Consequently, his claims against Osborn, Habzansky, and Dix fail as a matter of law, and they are dismissed with prejudice.

As for Brenston's Title VII claim against Wal-Mart, that also warrants dismissal, but not with prejudice. Title VII prohibits employers from discriminating on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. But other than checking the line indicating that his complaint was brought pursuant to Title VII, Brenston has done nothing to inform the Court or Wal-Mart of the basis for the claim. There are absolutely no allegations in the complaint that raise his Title VII claim above the speculative level as required by *Bell Atlantic*.

Moreover, in order for Brenston to assert a claim under Title VII, he must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1). The requirement that a plaintiff first go to the EEOC serves two purposes: to promote settlement or conciliation of claims and to ensure that employers are given adequate notice of charges against them. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Brenston did go the EEOC, but it appears he only charged discrimination based on his disability. (*See* DE 1 at 5.) There is a reference to Brenston telling the EEOC that Wal-Mart violated his "Civil Rights" in addition to violating the ADA, but the charge offers no specifics. (*Id.*) And nothing in the complaint or Brenston's response to the motion to dismiss clarifies whether he really asserted his Title VII claim to the EEOC. On the other hand, it could be that Brenston's Title VII claim is so "like or reasonably related to the allegations" in his EEOC charge that he has satisfied his obligations. *See Teal v. Potter*, 559 F.3d 687, 691-92 (7th Cir. 2009) (quotation marks omitted). But such a claim would need to "at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 692 (emphasis in original; quotation marks omitted). Based on the record before me, there's nothing at all to indicate what Brenston's Title VII claim is, let alone whether it is even remotely like his ADA claim. Even with the liberal construction given to *pro se* pleadings, there's just no way to stretch his record enough to allow Brenston's Title VII claim to survive. Therefore, it is also dismissed.

Because I have no idea what Brenston's Title VII claim is or whether he raised it to the EEOC, and because I am allowing him to amend his complaint with respect to his ADA claim, I will dismiss his Title VII claim without prejudice. If Brenston wishes to proceed with his Title VII claim, he must amend his complaint to include allegations that provide a plausible basis for

finding that Wal-Mart discriminated against him because of his race, color, religion, sex, or national origin. Further, those factual allegations that form the basis for his Title VII claim must either be included in his EEOC charge or be sufficiently like those in the charge, or those revealed during the EEOC's investigation, to satisfy § 2000e-5(e)(1). In other words, as noted above, "the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (quotation marks and emphasis omitted).

Brenston's ADA claim against Wal-Mart is also a closer call. In order to state a claim under the ADA, Brenston must first allege that he suffers from a "disability" within the meaning of that statute. *See Homeyer v. Stanley Tulchin Assocs., Inc.*, 91 F.3d 959, 961 (7th Cir. 1996). The ADA defines someone as disabled when they (1) have a physical or mental impairment that substantially limits their major life activities; (2) have a record of such impairment; or (3) are regarded as having such an impairment. *See* 42 U.S.C. § 12102(2). *See also Hancock v. Potter*, 531 F.3d 474, 479 (7th Cir. 2008). Major life activities are defined as functions, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *See* 29 C.F.R. § 1630.2(i). But the ADA is not a blanket prohibition on firing someone who has a disability; rather it prohibits *discriminating* against someone because they are disabled. *See* 42 U.S.C. § 12112(a). Thus, while Brenston is not required to plead detailed facts or evidence to support his claim, he must allege that he is disabled within the meaning of the ADA and that Wal-Mart discriminated against him because of that disability with enough facts to raise his claim beyond the speculative level as described in *Twombly*, *Erickson*, and *Iqbal*.

Brenston's complaint doesn't go far enough to show his ADA claim is plausible. To be sure, the documents he filed in response to Defendants' motion indicate that Brenston may be disabled. (*See* DE 14.) But I am not permitted to consider documents outside the pleadings on a motion to dismiss without converting the motion into one for summary judgment. *See* FED. R. CIV. PRO. 12(d). Moreover, the complaint does not allege that Wal-Mart *discriminated* against Brenston on the basis of his disability. Although the complaint does allege that his supervisors gave him impossible tasks, there is no hint that they did so as a way to discriminate against him. Instead, Brenston's allegation that the tasks were "physically impossible" seems to be about the amount of time he was given, not his disability. (DE 1 at 3.) In other words, that allegation does not indicate that individuals not having Brenston's disability would be able to complete the tasks in the time allotted. Alternatively, the allegations do not suggest that he was given the physically impossible tasks *because of* his disability. Nor does it appear there was some other way in which Wal-Mart discriminated against him (for instance, Wal-Mart's response to the "accident" referenced in the complaint may demonstrate a preference for Cindy because she wasn't disabled). However he thinks Wal-Mart discriminated against him, Brenston needs to articulate some factual allegations that make his claim for relief plausible. So far he hasn't.

Even construing Brenston's *pro se* complaint liberally, it is just too much of a stretch to find that it alleges both that he is disabled and that Wal-Mart discriminated against him. And because of those deficiencies, I think the best course is grant Wal-Mart's motion to dismiss without prejudice and allow Brenston to amend his complaint to make the appropriate factual allegations to show (1) he is disabled within the meaning of the ADA and (2) that Wal-Mart discriminated against him because of his disability.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [DE 11] is **GRANTED**.

Brenston's claims against Defendants "Cindy" (Cynthia Osborn), Andrew Habzansky, and Ray

Dix are **DISMISSED WITH PREJUDICE**. Brenston's claims under Title VII and the

Americans with Disabilities Act against Defendant Wal-Mart are **DISMISSED WITHOUT**

**PREJUDICE**. Brenston is given until **July 8, 2009**, to amend his complaint to remedy the

deficiencies outlined in this Order. But Brenston is **CAUTIONED** that his failure to amend his

complaint by that date may result in the termination of this case without further notice.

      **SO ORDERED**.

      DATED: June 8, 2009

                    s/ Philip P. Simon
                    PHILIP P. SIMON, JUDGE
                    UNITED STATES DISTRICT COURT